UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BRIAN E. SCHMIEGE,

                Plaintiff,

v.                                          **MEMORANDUM OPINION
                                                  AND ORDER**

DEPUTY OF HEALTH HENTON and DR.
ALAM,                                         19-CV-07229 (PMH)

                Defendants.
-----------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

        Plaintiff Brian E. Schmiege ("Plaintiff"), who is presently incarcerated at Attica Correctional Facility, and proceeding *pro se* and *in forma pauperis*, initiated this action on July 31, 2019. (*See* Doc. 2, "Compl."). Plaintiff asserts claims under 42 U.S.C. § 1983 and alleges that Defendants Deputy of Health Services Henton ("Henton") and Doctor Alam ("Alam" and collectively "Defendants") failed to provide him with adequate medical care in violation of the Eighth Amendment and disclosed his medical information to others in violation of both the Health Insurance Portability and Accountability Act ("HIPAA") and the Fourteenth Amendment.

        By Order dated September 23, 2019, Judge Román, who presided over this case before it was reassigned to me on April 3, 2020, dismissed Plaintiff's claim alleging inadequate medical care and his claim alleging that his privacy rights were violated pursuant to HIPAA. (Doc. 6 at 3-5). As such, Plaintiff's only remaining claim alleges that Henton violated his Fourteenth Amendment substantive due process privacy rights by disclosing his medical information to others. (*Id*. at 5).

1

On May 22, 2020, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. 21; Doc. 22, "Def. Br."). On June 5, 2020, Plaintiff filed a brief in opposition to Defendants' motion (Doc. 23, "Pl. Opp'n"), on June 15, 2020, Defendants filed a reply brief (Doc. 24), and, on July 8, 2020, Plaintiff filed a sur-reply (Doc. 25).

For the reasons that follow, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

The facts, as recited below, are taken from the Complaint. On December 6, 2018, Plaintiff was transferred from the Fishkill Correctional Facility to Sing Sing Correctional Facility. (Compl. at 4). After arriving at Sing Sing, Plaintiff spoke to a nurse and told her the medications he was taking as well as the accommodations he had been afforded at prior facilities, and the nurse scheduled Plaintiff an appointment with a doctor. (*Id*.). During that appointment, Plaintiff alleges that Henton "refused to allow Dr. Alam to give [him his] reasonable accommadaitions [sic] knowing [he] suffer[s] in pain 24/7 due to neck, head, and back injuries [he's] had for a few years." (*Id*.). Plaintiff avers that, during sick calls, Henton violated his privacy rights by talking about his medical conditions in front of other inmates and other prison staff and that other, unnamed correctional officers and nurses have victimized and harassed Plaintiff because they witnessed and overheard his conversations with Henton regarding his medical conditions. (*Id*.).

---

[1] While the motion to dismiss states that both Henton and Alam move to dismiss Plaintiff's Complaint, Judge Román's September 23, 2019 Order made clear that Plaintiff's claims against Alam were dismissed and Plaintiff remaining claim is asserted against Henton only. (Doc. 6 at 5 ("The Court liberally construes Plaintiff's allegations as asserting a claim under 42 U.S.C. § 1983 that Defendant Henton violated Plaintiff's substantive due process right to the confidentiality of his medical information. *This is Plaintiff's only remaining cognizable claim*." (emphasis added)). Thus, arguments related to Alam in the moving papers are disregarded as there are no remaining claims against Alam.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion enables a court to consider dismissing a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of actions." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S.

97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs are often unfamiliar with the formalities of pleading requirements, courts must apply a more flexible standard in determining the sufficiency of a *pro se* complaint than they would in reviewing the complaint of an individual represented by counsel. *Smith v. U.S. Dept. of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002). While "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Cappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case, [] 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" (quoting *Harris*, 572 F.3d at 72)). Therefore, while the Court is "obligated to draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis*, 618 F.3d at 170. Furthermore, the Court also has a duty to interpret the pleadings of a *pro se* plaintiff liberally "to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## **ANALYSIS**

The only remaining claim asserts that Plaintiff's Fourteenth Amendment substantive due process privacy rights were violated when Henton failed to keep Plaintiff's medical conditions confidential by disclosing that information to other prison staff and inmates. Under the Due

Process Clause of the Fourteenth Amendment, courts have recognized "the right to privacy in one's personal information, including information about one's body." *Hancock v. Cty. of Rensselaer*, 882 F.3d 58, 65 (2d Cir. 2018); *Davidson v. City of Bridgeport*, 487 F. App'x 590, 592 (2d Cir. 2012) ("Personal medical information is protected by substantive due process."). This "right to privacy has been characterized as a right to 'confidentiality' and includes a right to keep private the status of one's health." *Rush v. Artuz*, No. 00-CV-3436, 2004 WL 1770064, at *11 (S.D.N.Y. Aug. 6, 2004) (citing *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994)); *see also Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011) (holding that the "right to privacy protect[s] 'the individual interest in avoiding disclosure of personal matters.'" (quoting *Doe*, 15 F.3d at 267)).

While prisoners are afforded this constitutional right to privacy, *Matson*, 631 F.3d at 64 (citing *Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir. 1999)), the right to keep information about one's health confidential is not absolute, *Hancock*, 882 F.3d at 65. Rather, to determine if an individual's substantive due process rights have been violated by the disclosure of medical information, the Court weighs an individual's interest in the privacy of the information against the government's interest in disclosure of that information. *Id.* As to the first part of the balancing test, "case law makes clear . . . that 'the interest in the privacy of medical information will vary with the condition.'" *Matson*, 631 F.3d at 64 (quoting *Powell*, 175 F.3d at 111). Thus, the undesired disclosure of certain conditions may implicate the Fourteenth Amendment right to privacy while disclosure of other conditions may not. *Hancock*, 882 F.3d at 67 (finding that the Second Circuit has "repeatedly found that determining the strength of [the privacy] interest requires taking into account the seriousness of the condition and the stigma associated with it.").

Only if a medical condition is "excruciatingly private and intimate [in] nature," or one that is "likely to provoke both an intense desire to preserve one's medical confidentiality, as well as hostility and intolerance from others," is disclosure of that condition potentially in violation of an individual's privacy rights. *Powell*, 175 F.3d at 111. Medical conditions that have been found to be sufficiently confidential include infection with HIV or AIDS or transsexualism. *Matson*, 631 F.3d at 64.

Plaintiff alleges that Henton violated his privacy rights when she discussed with Plaintiff his medical conditions including Plaintiff's "neck, head, and back injuries" and permitted other prison staff and inmates to overhear this conversation. (Compl. at 4). Simply stated, the medical conditions at issue are not sufficiently serious to implicate the protections of the Fourteenth Amendment. *See, e.g., Matson*, 631 F.3d at 65-69 (disclosure of fibromyalgia does not implicate right to privacy); *Watson v. Wright*, No. 08-CV-62, 2010 WL 55932, at *1 (N.D.N.Y. Jan. 5, 2010) (disclosure of Hepatitis C does not implicate right to privacy); *Rush*, 2004 WL 1770064, at *12 (disclosure of wrist injury and stomach problems do not implicate right to privacy). Plaintiff's medical conditions are not private in nature, stigmatizing, or likely to provoke hostility and intolerance from others. Therefore, even assuming, as the Court must at the motion to dismiss stage, that Henton did talk to Plaintiff about his medical conditions in public so that others were able to overhear the conversation, Plaintiff's privacy rights were not violated.[2]

---

[2] Plaintiff asserts in his opposition brief that in addition to discussing his head, neck, and back injuries with Henton, he discussed his prostate cancer treatment. (Pl. Opp'n at 1). Even if the Court considered this unpled allegation, the Court would find that cancer is not the type of medical condition protected from disclosure by the Fourteenth Amendment right to privacy. The Court is aware of no authority establishing that cancer is the type of "excruciatingly private" or stigmatizing medical condition that may fall within the ambit of Fourteenth Amendment protections

Accordingly, the Court dismisses Plaintiff's claim alleging that his Fourteenth Amendment due process rights were violated when Henton disclosed his medical information to others.[3]

## CONCLUSION

For the reasons stated above, the Court dismisses Plaintiff's Complaint. While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . . leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, any amendment would be futile as Plaintiff cannot establish that his medical conditions implicate the protections of the Fourteenth Amendment.

Accordingly, the Court respectfully directs the Clerk to terminate the pending motion (Doc. 21) and terminate this action. Additionally, the Court directs the Clerk to mail a copy of this Memorandum Opinion and Order to Plaintiff at the address provided on the docket.

SO ORDERED:

Dated: New York, NY
      January 20, 2021

_____
Philip M. Halpern
United States District Judge

---

[3] Because the Court finds that no privacy interest is implicated by the disclosure of Plaintiff's medical conditions, the Court need not weigh Plaintiff's non-existent privacy interest in the confidentiality of his medical conditions against the government's interest in disclosure of the information. Likewise, the Court need not address whether Henton is shielded by qualified immunity. (*See* Def. Br. at 5-6).